1  Gary Bendinger (036251)
   Alejandro Barrientos (034129)
2  Katie Derrig (037110)
   LEWIS ROCA ROTHGERBER CHRISTIE LLP
3  201 East Washington Street, Suite 1200
   Phoenix, AZ 85004
4  Tel: (602) 262-5311
   Fax: (602) 262-5747
5  gbendinger@lewisroca.com
   abarrientos@lewisroca.com
6  kderrig@lewisroca.com

7  Justin W. Bernick*
   Danielle Desaulniers Stempel*
8  Michael J. West*
   HOGAN LOVELLS US LLP
9  Columbia Square
   555 Thirteenth Street, NW
10 Washington, DC 20004
   Tel: (202) 637-5600
11 Fax: (202) 637-5910
   justin.bernick@hoganlovells.com
12 danielle.stempel@hoganlovells.com
   michael.west@hoganlovells.com
13
   (*Additional Counsel for Plaintiffs Listed on the Following Page*)
14
   (*Pro hac vice application forthcoming)
15

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| M.S.E., on her own behalf and on behalf of her minor child, J.M.; <br> M.V.A., on her own behalf and on behalf of her minor child, B.E.; <br> B.C.O., on his own behalf and on behalf of his minor child, M.A.; and <br> U.O.L., on his own behalf and on behalf of his minor child, F.R. <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | Case No.: <br><br> **MOTION TO PROCEED UNDER PSEUDONYMS AND FOR A PROTECTIVE ORDER** |

Dana A. Raphael*
Melissa Giangrande*
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
dana.raphael@hoganlovells.com
melissa.giangrande@hoganlovells.com

Cory Szczepanik*
HOGAN LOVELLS US LLP
1601 Wewatta Street, Suite 900
Denver, CO 80202
Tel: (303) 899-7300
Fax: (303) 899-7333
cory.szczepanik@hoganlovells.com

Mohan Warusha Hennadige*
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
mohan.warusha-hennadige@hoganlovells.com

Tamara F. Goodlette*
Vanessa Rivas-Bernardy*
REFUGEE AND IMMIGRANT CENTER
FOR EDUCATION AND LEGAL SERVICES (RAICES)
1305 N. Flores Street
San Antonio, TX 78212
Tel: 210-538-7382
tami.goodlette@raicestexas.org
vanessa.rivas@raicestexas.org

*(\*Pro hac vice application forthcoming)*

M.S.E., M.V.A., B.C.O., and U.O.L. ("Plaintiffs")[1] request this Court's leave to proceed under pseudonyms to protect their identity from public disclosure. Plaintiffs also move the Court to order the United States ("Defendant")—which already knows Plaintiffs' full names[2]—to maintain the confidentiality of Plaintiffs' identities by using only pseudonyms in all of its filings, including all exhibits in which Plaintiffs' names appear. Plaintiffs will disclose their identities to the Court. Because Plaintiffs are filing this motion concurrently with their Complaint, they have not had the opportunity to obtain Defendant's position on this motion.

**INTRODUCTION**

Plaintiffs are parents of minor children who, upon fleeing violence and persecution to seek asylum in the United States, were forcibly separated by Defendant pursuant to a Family Separation Policy intended to cause harm, instill fear, and deter other families from seeking asylum in the United States. The Complaint, filed contemporaneously with this Motion, describes the experiences Plaintiffs suffered at the hands of the United States. The government forcibly removed Plaintiffs' children from their care, subjected Plaintiffs and their children to inhumane detention conditions, deprived Plaintiffs and their children of any basic information about one another's whereabouts and well-being for weeks and months, and failed to adequately track Plaintiffs and their children, thereby prolonging the separation and anguish Plaintiffs and their children endured. As a direct result of Defendant's actions, Plaintiffs and their children suffered—and continue to suffer— severe physical, psychological, and emotional distress and, through this action, seek compensation for the extraordinary harms they endured.

Allowing Plaintiffs to proceed under pseudonyms here is necessary to protect their highly sensitive and personal information, including information relating to Plaintiffs'

---

[1] Plaintiffs M.S.E., M.V.A., B.C.O., and U.O.L. bring this action on their own behalf and on behalf of their minor children. Because Federal Rule of Civil Procedure 5.2(a) already requires redaction of the names of minor children, this Motion seeks protection only for the adult plaintiffs.

[2] Plaintiffs disclosed their full names to the relevant government agencies in their administrative claims filed pursuant to 28 U.S.C. § 2401(b).

1

immigration status and mental health. Because Defendant already knows Plaintiffs' identities, granting this motion causes no prejudice to Defendant. Moreover, Plaintiffs' need for privacy outweighs the public's interest in knowing their identities, so the public interest in this case weighs heavily in favor of granting Plaintiffs' motion.

## ARGUMENT

### I. COURTS ROUTINELY ALLOW PLAINTIFFS TO PROCEED UNDER PSEUDONYMS WHERE CIRCUMSTANCES, LIKE THOSE HERE, JUSTIFY SECRECY.

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires complaints to include the names of all parties, courts regularly permit parties to proceed under pseudonyms "when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) ("*Advanced Textile*") (collecting cases). In considering whether to allow a plaintiff to proceed anonymously, courts "balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id*. at 1068. Pseudonyms are appropriate in cases where "anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." *Id*. (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). Courts also consider "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id*.

Recognizing that immigration status is sufficiently sensitive and personal in nature, courts across the country have allowed plaintiffs in cases related to immigration to proceed pseudonymously. *See, e.g.*, *Hispanic Int. Coal. of Ala. v. Governor of Ala.*, 691 F.3d 1236, 1247 n.8 (11th Cir. 2012) (collecting cases); *Lozano v. City of Hazleton*, 620 F.3d 170, 195 (3d Cir. 2010) (affirming district court's order permitting use of pseudonyms where plaintiffs, "because of their unlawful status, would face an 'exponentially greater' risk of harassment, and even physical danger, if their identities were revealed" (citation omitted)); *cf. Int'l Refugee Assistance Project v. Trump*, No. 17-

2

0361, 2017 WL 818255, at *2 (D. Md. Mar. 1, 2017) (granting motion to proceed under pseudonyms in part to protect plaintiffs' relatives' "problematic immigration status").

Courts also allow plaintiffs to use pseudonyms where, as here, plaintiffs' mental health conditions are a principal issue in the case. *See, e.g.*, *Doe v. Colautti*, 592 F.2d 704, 705 (3d Cir. 1979); *Doe v. Sessions*, No. 18-0004, 2018 WL 4637014, at *4-5 (D.D.C. Sept. 27, 2018) (allowing use of pseudonym to protect the plaintiff from disclosing his mental health conditions and Asperger's diagnosis and to prevent further trauma to the plaintiff); *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (permitting pseudonymous filing where the plaintiff's mental health was "directly tied to the subject matter of the litigation"). The constitutional privacy interest in protecting sensitive personal matters such as medical information is well-established. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998) (collecting cases); *United States v. Curran*, No. CR-06-227-PHX-EHC, 2006 WL 1159855, at *5 (D. Ariz. May 2, 2006) (noting that "medical and psychological records are entitled to greater protections than other information . . . due to the stigma attached to mental illness"). Courts have allowed similarly vulnerable plaintiffs to proceed anonymously to protect their privacy. *See, e.g.*, *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (allowing victim of human trafficking to proceed anonymously because the litigation involved "matters of 'a highly sensitive and personal nature' to her") (citation omitted).

Indeed, judges presiding over two other cases involving Federal Tort Claims Act claims arising from Defendant's Family Separation Policy before this Court have permitted the adult parent-plaintiffs to proceed pseudonymously based on the same concerns. *See* Order Granting Pls.' Mot. to Proceed Under Pseudonyms, *A.P.F. v. United States*, Case No.-20-0065-PHX-SRB (D. Ariz. Apr. 16, 2020), ECF No. 27; Order Granting Mot. to Proceed Under Pseudonyms & for a Protective Order, *C.M. v. United States*, Case No. 2:19-cv-05217-SRB (D. Ariz. Sept. 23, 2019), ECF No. 7.

## II. THIS COURT SHOULD GRANT PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS

Pursuant to Federal Rule of Civil Procedure 5.2(e), Plaintiffs request this Court's leave to proceed under pseudonyms to protect their identities from public disclosure. Plaintiffs, in bringing this action, share highly sensitive and personal information that, if Plaintiffs' identities were disclosed, could harm them and their minor children. The government, which already knows Plaintiffs' identities through administrative filings, will not be prejudiced by the use of pseudonyms here. Moreover, the public interest weighs in favor of anonymity.

### A. Plaintiffs' Claims Involve Confidential, Personal, and Highly Sensitive Issues

Plaintiffs should be permitted to proceed under pseudonyms to protect information related to their vulnerable immigration status, their private health information, and the identity of their minor children. Plaintiffs are seeking asylum and therefore "they presently have a problematic immigration status that, if disclosed, could dissuade . . . Plaintiffs from pursuing their rights in court." *Int'l Refugee Assistance Project*, 2017 WL 818255, at *2. Numerous courts, including this Court, have allowed asylum applicants like Plaintiffs to proceed anonymously in recognition of their need for confidentiality and when their claims present a risk of violence in their country of origin, as with Plaintiffs' claims here. *See e.g.*, *Doe v. Holder*, 736 F.3d 871, 872 n.1 (9th Cir. 2013) (allowing pseudonyms because of fear of "harassment, injury, ridicule or personal embarrassment" both in the United States and Russia); *Doe v. Gonzales*, 484 F.3d 445, 446 (7th Cir. 2007) (permitting Plaintiff to proceed under a pseudonym "because of [plaintiff's] fear that if he is returned to El Salvador he will be killed.").[3]

---

[3] Indeed, in recognition of the highly sensitive, private nature of this information, federal law and policy mandates that information concerning asylum proceedings, including the fact that an individual has applied for asylum, remain confidential. *See, e.g.*, 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records).

4

Plaintiffs' claims, moreover, center on the substantial psychological and emotional trauma Plaintiffs and their children suffered—and continue to suffer—as a result of Defendant's forcible separation of Plaintiffs from their children. The litigation necessarily will require disclosure of Plaintiffs' private mental and physical health information. Plaintiffs' Complaint details the disturbing circumstances of the forced separation, *see, eg.*, Compl. ¶¶ 61-79; 95-104; 115-128; 135-147, as well as the physical and mental health toll it wrought on each parent and child, *see, e.g., id*. ¶¶ 84-89; 108-114; 131-134; 152-157. The disclosure of Plaintiffs' health information could lead to stigma and further trauma for Plaintiffs. *See, e.g.*, *Penzato*, 2011 WL 1833007, at *3 (allowing use of pseudonym where litigation involved "the emotional and psychological impact" of being a victim of human trafficking and where "publication of [plaintiff's] name would open her to inquiries from the press and other interested individuals," compromising her ability to recover from her trauma).

Granting this Motion will also ensure that the children's identities remain protected in accordance with Federal Rule of Civil Procedure 5.2(a), which, in recognition of the importance of protecting the privacy of minors, requires redaction of minors' names. Protecting the privacy of Plaintiffs' children is even more critical here given the highly sensitive and personal subject matter at issue. Plaintiffs' claims are based in substantial part on the trauma and abuse suffered by their children as a result of being separated from Plaintiffs, and the Complaint details the ensuing mental health conditions the children continue to grapple with. *See, e.g.*, Compl. ¶¶ 84-89; 108-114; 131-134; 152-157. Revealing Plaintiffs' names risks exposing just enough information to allow members of the public, media, or others to uncover the identities of their children thereby undermining the objectives of Rule 5.2(a). *See Doe v. Heritage Acad., Inc.*, No. 16-CV-3001, 2017 WL 6001481, at *10-11 (D. Ariz. June 9, 2017) (allowing parent to proceed using initials to protect identity of minor child).

**B.     Defendant Will Not Be Prejudiced by the Use of Pseudonyms Here**

Granting Plaintiffs' request to proceed under pseudonyms will not prejudice Defendant's "ability to litigate the case" given that Defendant already knows Plaintiffs' names from Plaintiffs' administrative claims. *Advanced Textile*, 214 F.3d at 1069; *see also, e.g.*, *Al Otro Lado*, 2017 WL 6541446, at *6 (finding plaintiffs' use of pseudonyms would not prejudice the government because "Defendants know the true identities of the individual Plaintiffs" and therefore "have the information they need to defend against" plaintiffs' claims).

Moreover, Plaintiffs bring this action against the federal government, which is "not vulnerable to similar reputational harm" that "a lawsuit against a private party may cause the defendant" such that "fairness requires the identification of the plaintiffs." *Int'l Refugee Assistance Project*, 2017 WL 818255, at *3; *see also, e.g.*, *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979); *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003).

Because Plaintiffs bring this action against the federal government, which already knows Plaintiffs' identities, granting Plaintiffs' motion to proceed under pseudonyms will not prejudice Defendants.

**C.     The Public Interest Weighs in Favor of Allowing Plaintiffs to Challenge Defendant's Action Pseudonymously**

The public's minimal interest in knowing Plaintiffs' identities here does not outweigh Plaintiffs' heightened interest in confidentiality. To be sure, the issues that Plaintiffs raise in this lawsuit are a matter of significant public concern. Revealing Plaintiffs' identity, however, will add little or nothing to the public's understanding of the government's misconduct in this case. *See Advanced Textile*, 214 F.3d at 1068-69 (alteration in original) ("[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them.") (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)). Indeed, courts have observed that there is a public interest in allowing pseudonymous filing where, as here, Plaintiffs are challenging the validity of

6

government action. *See, e.g.*, *S. Methodist Univ.*, 599 F.2d at 713; *EW*, 213 F.R.D. at 111 (holding that when attacking government action, a plaintiff's interest in anonymity is "particularly strong" because "there is arguably a public interest in a vindication of his rights").

Accordingly, the public interest weighs in favor of allowing Plaintiffs to proceed under pseudonyms.

## CONCLUSION

For the reasons set forth above, Plaintiffs M.S.E., M.V.A., B.C.O., and U.O.L. respectfully request that the Court enter a Protective Order:

1. Granting Plaintiffs leave to proceed in this matter under pseudonyms;

2. Ordering that Defendant shall not publicly disclose Plaintiffs' name or personally identifying information; and

3. Ordering that all parties shall submit pleadings, briefing, and evidence using Plaintiffs' pseudonyms instead of their real names and other personally identifying information.

RESPECTFULLY SUBMITTED this 25th day of July, 2022.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: *s/Alejandro Barrientos*
Alejandro Barrientos
Gary Bendinger
Katie Derrig
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

Justin W. Bernick*
Danielle Desaulniers Stempel*
Michael J. West*
Dana A. Raphael*
Melissa Giangrande*
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

Cory Szczepanik*
HOGAN LOVELLS US LLP
1601 Wewatta Street, Suite 900
Denver, CO 80202

Mohan Warusha Hennadige*
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017

Tamara F. Goodlette*
Vanessa Rivas-Bernardy*
REFUGEE AND IMMIGRANT CENTER FOR
EDUCATION AND LEGAL SERVICES (RAICES)
1305 N. Flores Street
San Antonio, TX 78212

*Attorneys for Plaintiffs*

*(\*Pro hac vice application forthcoming)*