IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| M.S.E., et al., | No. CV-22-01242-PHX-SMM |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Before the Court is the Defendant's Motion to Dismiss. (Doc. 21).[1] Also before the Court is a Motion to File Amicus Curiae by the Immigration Reform Law Institute ("IRLI"). (Doc. 27).

**I.   AMICUS CURIAE**

The purpose of an amicus brief is to "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration." Miller-Wohl Co. v. Comm'r of Lab. & Indus., 694 F.2d 203, 204 (9th Cir. 1982). "A court has 'broad discretion' when considering whether to permit an amicus brief." JZ v. Catalina Foothills Sch. Dist., CV-20-00490-TUC-RCC, 2021 U.S. Dist. LEXIS 223171, at *2, 2021 WL 5396089, at *1 (D. Ariz. Nov. 17, 2021).

Though there are no federal procedural or local rules governing amicus curiae, courts in this district "look to the Federal Rules of Appellate Procedure for guidance." Dible v. City of Chandler, CV-03-00249-PHX-JAT, 2004 U.S. Dist. LEXIS 33792, at *2,

---

[1] Plaintiffs request that the Court hold oral argument. However, the Court finds this matter suitable for decision based solely on the briefing. See LRCiv. 7.2(f).

2004 WL 7336848, at *1 (D. Ariz. Dec. 23, 2004) (quoting Council for Endangered Species Act Reliability v. Jackson, CV-10-8254-SMM, 2011 U.S. Dist. LEXIS 135635, at *18, 2011 WL 5882192, at *6 (D. Ariz. Nov. 23, 2011)). The IRLI agrees that the Court should follow appellate rules regarding amicus curiae and states that "most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." (Doc. 27 at 2 (quoting Neonatology Assocs., P.A. v. Comm'r, 293 F.3d 128, 133 (3d Cir. 2002))). Rule 29(a)(6) sets out timeliness requirements: amicus briefs and motions must be filed "no later than 7 days after the principal brief of the party being supported is filed."

Here, IRLI's Motion was filed 57 days after Defendant's Motion was filed—well after the deadline. IRLI does not explain its late filing or ask the Court to excuse its lack of timeliness. Thus, the Court denies IRLI's Motion to File Amicus Curiae.

Even if IRLI's Motion had been timely filed, the Court finds the amicus brief unnecessary. The IRLI argues that Plaintiffs do not have a constitutional right to family integrity because they had not legally entered the United States at the time their injuries took place. But this issue was not brought in Defendant's Motion, so the Court cannot consider it. See, e.g., Zango, Inc. v. Kaspersky Lab, Inc., 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) (declining to consider an issue brought by an amicus brief, but not brought in the appellant's opening brief). IRLI also argues that there is not a right to family integrity in the context of immigration detention generally. But, as Plaintiffs point out, both out-of-circuit cases IRLI relies on are factually distinguishable from the case here, and IRLI has not pointed to any in-Circuit case supporting its argument.

Additionally, IRLI's argument that Plaintiffs bring a constitutional tort claim instead of a state law claim does not contain any case law that was not in Defendant's briefing. And because the Court, as discussed below, decides the discretionary function exception issue based on the constitutional allegations, IRLI's argument that separation is mandated by 8 U.S.C. § 1225 and § 1182 is irrelevant to this Order.

## II.     BACKGROUND

The following facts are alleged in the Complaint. Plaintiffs comprise of four families

that entered the United States in May or June of 2018. (Doc. 1 ¶¶ 61, 90, 115, 135). Each family includes one parent and one child, ranging in age from six to fourteen at the time they entered the United States. (Id.) After entry, officers took the families to cold and crowded short-term detention centers and the families were given limited food and water. (Id. ¶¶ 62, 91, 92, 116, 118, 125, 137).

Shortly after entry, the children were separated from their parents and remained separated for one to two months. (Id. ¶¶ 83, 107, 129, 150). While the families were separated, the parents were provided with limited information about their children. (Id. ¶¶ 94, 105, 121, 125, 139, 141). Since their separations and subsequent reunification, Plaintiffs have continued to suffer physical and emotional harm. (Id. ¶¶ 84, 108, 131, 152).

Plaintiffs filed this suit against the United States pursuant to the Federal Tort Claims Act ("FTCA"), bringing claims for intentional infliction of emotional distress, negligence, and loss of consortium. (Id. ¶¶ 158-70). The United States then filed a Motion to Dismiss. (Doc. 21).

### III. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and if a court finds it does not have subject matter jurisdiction, it must dismiss the matter under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 773 (9th Cir. 2017) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). The party asserting jurisdiction has the burden to show it exists. Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009) ("Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence.").

### IV. ANALYSIS

Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction on the ground that there has been no waiver of sovereign immunity for Plaintiffs' claims. The federal government has sovereign immunity, and consequently, without waiver, cannot be sued. FDIC v. Meyer, 510 U.S. 471, 475 (1994). One such waiver is the FTCA, under which the federal government may be sued and held liable for its agent's actions if a private

person would be held liable under like circumstances. 28 U.S.C. § 2674.

Defendant argues that Plaintiffs have not met the requirements of the FTCA and that exceptions to the FTCA apply. The Court discusses each of the government's specific arguments in turn.

### A. Discretionary Function Exception

Defendant argues that the discretionary function exception ("DFE"), found in 28 U.S.C. § 2680(a), to the FTCA applies. Under the DFE, if the government employee engaging in the alleged misconduct acted with discretion, immunity is restored, and the government cannot be sued. Lam v. United States, 979 F.3d 665, 672 (9th Cir. 2020). But not all discretionary conduct is covered; for the DFE to apply, the conduct must meet a two-part test. Id. at 673. First, the conduct must be discretionary, that is, it must "involve[] an element of judgment or choice." Berkovitz v. United States, 486 U.S. 531, 536 (1988). Second, that judgment or choice must be "of the kind that the discretionary function exception was designed to shield." Id. The government bears the burden to prove that the exception applies. Lam, 979 F.3d at 673.

Conduct is not "discretionary if it violates a legal mandate," Nurse v. United States, 226 F.3d 996, 1002 (9th Cir. 2000). The Constitution is one such legal mandate. Galvin v. Hay, 374 F.3d 739, 758 (9th Cir. 2004) ("[F]ederal officials do not possess discretion to violate constitutional rights." (quoting United States Fid. & Guar. Co. v. United States, 837 F.2d 116, 120 (3d Cir. 1988)). Thus, if actions of a government agent violate the Constitution, the first prong of the DFE is not met. Nurse, 226 F.3d at 1002 n.2 ("[T]he Constitution can limit the discretion of federal officials such that the FTCA's discretionary function exception will not apply.").

The parties disagree as to what standard Plaintiffs must meet to allege a constitutional violation such that the DFE does not apply. Defendant argues that Plaintiffs must assert that the constitutional right was clearly established and must specifically state that constitutional provision. The Court disagrees.

In Nurse, though the Ninth Circuit stated that it declined to decide "the level of

specificity with which a constitutional proscription must be articulated in order to remove the discretion of a federal actor," it also found that "[b]ecause of the bare allegations of the complaint," it could not decide at the motion to dismiss stage "whether the acts of the policy-making defendants violated the Constitution, and, if so, what specific constitutional mandates they violated." 226 F.3d at 1002, 1002 n.2. The court then acknowledged that that these "are questions that will be fleshed out by the facts as this case proceeds toward trial," and reversed the district court's dismissal of the FTCA claims. Id. Thus, courts in this Circuit, following Nurse, apply a plausibility standard. See, e.g., B.A.D.J. v. United States, CV-21-00215-PHX-SMB, 2022 U.S. Dist. LEXIS 192746, at *8, 2022 WL 11631016, at *3 (D. Ariz. Sept. 30, 2022); F.R. v. United States, CV-21-00339-PHX-DLR, 2022 U.S. Dist. LEXIS 130605, at *16, 2022 WL 2905040, at *5 (D. Ariz. July 22, 2022).

Defendant believes that the Supreme Court requires a stricter standard than the one set out in Nurse. Defendant first cites to Gaubert, which is not applicable to this issue; Gaubert states that plaintiffs must allege a legal directive that "specifically prescribes a course of action for an employee to follow." United States v. Gaubert, 499 U.S. 315, 322 (1991). Here, the legal directive that Plaintiffs allege government agents are required to follow that led to the misconduct is the family separation policy—not the Constitution. The Court declines Defendant's invitation to extend Gaubert's standard to allegations of constitutional violations. See, e.g., Fuentes-Ortega v. United States, 640 F. Supp. 3d 878, 882 (D. Ariz. 2022) (declining to follow the standard in Gaubert).

Next, Defendant cites to cases discussing the clearly established standard. Harlow v. Fitzgerald, 457 U.S. 800, 815-19 (1982); Wilson v. Layne, 526 U.S. 603, 609-15 (1999). But these cases do not discuss this standard in the context of the DFE. Accordingly, Defendant argues that the Supreme Court demonstrated that the DFE standard and the official immunity standard "operate in tandem" by citing a case discussing immunity, Westfall v. Erwin, 484 U.S. 292 (1988), in a DFE case, Berkovitz, 486 U.S. at 536. (Doc. 21 at 21). But that the Court cited a case—notably, with a comparison citation, whose purpose is to "support[] a proposition different from the main proposition," Bluebook Rule

- 5 -

1.2(a)—without more, is not enough to support Defendant's overall assertion that the qualified immunity standard is incorporated into the DFE. And Berkovitz does not discuss constitutional violations.

Defendant also cites to Butz v. Economou, 438 U.S. 478 (1978). But as pointed out by Plaintiffs, Butz only briefly mentions the DFE in dicta, discussing a hypothetical situation where "all officials exercising discretion were exempt from personal liability." Id. at 505.

Overall, in the face of Ninth Circuit case law and uniform decisions from district courts in this Circuit, the Court finds Defendant's arguments unpersuasive and applies a plausibility standard to Plaintiffs' allegations of constitutional violations.

Here, Plaintiffs allege that the family separation policy and its implementation violated Plaintiffs' constitutional right to family integrity, (Doc. 1 ¶ 46), and provide factual allegations supporting this assertion. Applying Nurse, the Court finds, like other courts in this Circuit addressing the same issue under substantially similar factual circumstances, that Plaintiffs have plausibly alleged constitutional violations such that the first prong of the DFE is not met and the DFE does not apply. See, e.g., A.P.F. v. United States, 492 F. Supp. 3d 989, 996 (D. Ariz. 2020); Fuentes-Ortega, 640 F. Supp. 3d at 883; E.S.M. v. United States, CV-21-00029-TUC-JAS, 2022 U.S. Dist. LEXIS 191781, at *12, 2022 WL 11729644, at *5 (D. Ariz. Oct. 20, 2022); B.A.D.J., 2022 U.S. Dist. LEXIS 192746, at *8, 2022 WL 11631016, at *3; Nunez Euceda v. United States, 20-CV-10793-VAP-GJSx, 2021 U.S. Dist. LEXIS 204200, at *8-9, 2021 WL 4895748, at *3 (C.D. Cal. Apr. 27, 2021).

Because the Plaintiffs have plausibly alleged constitutional violations, which are not subject to discretion, the Court declines to address Defendant's remaining arguments regarding the applicability of the DFE.

**B.  Due Care Exception**

Defendant argues that claims regarding decisions to transfer the children to custody of the HHS's Office of Refugee Resettlement ("ORR") are barred under the due care

exception. Under the due care exception, the FTCA does not apply to "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation." 28 U.S.C. § 2680(a). In essence, the due care exception serves to bar any "tests by tort action of the legality of statutes and regulations." Dalehite v. United States, 346 U.S. 15, 33 (1953).

Courts in this Circuit follow a two-prong test to determine if the due care exception applies. A.P.F., 492 F. Supp. 3d at 995. Under this test, the exception applies if (1) a regulation or statute "specifically prescribes a course of action for an officer to follow," and (2) "the officer exercised due care in following the dictates of that statute or regulation." Welch v. United States, 409 F.3d 646, 652 (4th Cir. 2005).[2] The government bears the burden to prove that the exception applies. Prescott v. United States, 973 F.2d 696, 702 (9th Cir. 1992).

Here, the Defendant does not meet its burden. Though Defendant, in its Reply, argues that it showed "that it harbored the requisite 'minimal concern for the rights of others' when it transferred the Plaintiff-Children to the custody of state licensed childcare facilities that provided a safe environment," (Doc. 40 at 11), Defendant's Motion did not state or argue that the Defendant exercised due care, so it is unclear where Defendant believes it made a showing of due care. Strangely, the Defendant did not expressly assert that it exercised due care in its Motion or Reply. And Defendant's brief argument in its Reply that it previously showed that the government operated under minimal concern required is simply not enough for Defendant to meets its burden.

Even if Defendant had showed that its agents exercised due care, the due care exception does not apply because no statute or regulation specifically prescribed the alleged misconduct. Defendant argues that its conduct was mandated by 8 U.S.C. §

---

[2] To the extent that the Defendant argues that the due care exception applies regardless of whether an agent exercised due care, the Court finds this argument unpersuasive. Section 2680(a) expressly includes the due care requirement, and Defendant has not cited to any Supreme Court or in-Circuit case that holds that due care need not be analyzed. Defendant instead cites to Borquez v. United States, 773 F.2d 1050 (9th Cir. 1985). In Borquez, the court found that the due care exception applied after the court adduced that there was no evidence at summary judgment that due care was not used. Id. at 1052. Thus, Borquez cannot support an argument that due care is not relevant to the due care exception.

- 7 -

1232(b)(3), which requires federal agencies to transfer alien children to the custody of the Secretary of Health and Human Services if the agency determines the child is unaccompanied.

But that a statute prescribes a particular outcome at one possible step in a large scheme of action does not necessarily mean that the statute prescribes an entire course of action or other steps in the large scheme of action. And here, § 1232(b)(3) does not come into effect unless and until a federal agency determines that a child qualifies as "unaccompanied." After the family separation policy was put into place, the government began designating every adult crossing the border with a child as "amenable to prosecution," which the government then determined meant the child was "unaccompanied." (Doc. 1 ¶¶ 33-34). Section 1232(b)(3) does not require these actions. Indeed, Plaintiffs argue, and Defendant does not dispute, that before the family separation policy was put into place, children were not systemically separated from their parents, (see Doc. 1 at 8 (stating that the previous federal policy was to keep "arriving families together")), showcasing that the separation was not required by § 1232(b)(3), which was in effect before the change in policy. Thus, Plaintiffs' Complaint clearly demonstrates that § 1232(b)(3) does not mandate family separation. This action was prescribed by the family separation policy, which is not a regulation or statute, and therefore, the alleged misconduct is not protected by the due care exception. See A.P.F., 492 F. Supp. 3d at 996 ("Actions taken pursuant to executive policy are not shielded by the due care exception.").

This conclusion comports with other courts in this Circuit which have similarly rejected Defendant's argument that § 1232(b)(3) commanded children to be separated from parents or guardians. See, e.g., id. at 995 n.3; Wilbur P.G. v. United States, 21-CV-04457-KAW, 2022 U.S. Dist. LEXIS 135807, at *14, 2022 WL 3024319, at *5 (N.D. Cal. May 10, 2022); A.I.I.L. v. Sessions, CV-19-00481-TUC-JCH, 2022 U.S. Dist. LEXIS 61582, at *13, 2022 WL 992543, at *5 (D. Ariz. Mar. 31, 2022); C.M. v. United States, CV-19-05217-PHX-SRB, 2020 U.S. Dist. LEXIS 252691, at *9 n.4, 2020 WL 1698191, at *3 n.4 (D. Ariz. Mar. 30, 2020).

### C. Private Analogue Requirement

Defendant argues that Plaintiffs do not meet the private analogue requirement. The private analogue requirement is met, and the federal government may thus be held liable if "a private individual under like circumstances would be liable under state law." United States v. Muniz, 374 U.S. 150, 153 (1963). "Although the federal government 'could never be exactly like a private actor, a court's job in applying the standard is to find the most reasonable analogy.'" Dugard v. United States, 835 F.3d 915, 919 (9th Cir. 2016) (quoting LaBarge v. Mariposa Cty., 798 F.2d 364, 367 (9th Cir. 1986)). The circumstances of the case do not need to match the private analogue exactly. See Xue Lu v. Powell, 621 F.3d 944, 948 (9th Cir. 2010) ("Analogy not identity of circumstance is key.").

Defendant first argues that there cannot be a private analogue here because only the federal government can enforce immigration laws and make detention decisions. Defendant cites to three unpublished cases as support. In Elgamal v. Bernacke, 714 F. App'x 741, 742 (9th Cir. 2018), the court found that there was no private analogue under Arizona law to the "negligent denial of an immigration status adjustment application." Next, in Elgamal v. United States, 2015 U.S. Dist. LEXIS 193912, at *5-6, 2015 WL 13648070, at *2 (D. Ariz. July 8, 2015), the court found that there was no private analogue under Arizona law to the denial of and the delay in deciding an immigration motion. And finally, in Bhuiyan v. United States, 772 F. App'x 564, 565 (9th Cir. 2019), the court found that there was no private analogue to withdrawal of immigration benefits. But unlike the plaintiffs in the above cases, Plaintiffs do not simply claim that they were harmed because of the government's quasi-judicial decisions; they claim, at least in part, that they were harmed by how the government and its employees carried out immigration-related conduct. See, e.g., Xue Lu, 621 F.3d at 946, 950 (finding private analogues of IIED and interference with civil rights under California law where an asylum officer insinuated that he would grant asylum to asylum seekers in exchange for sexual favors and/or money).

Additionally, as Plaintiffs point out, the United States can generally be held liable for actions that are uniquely governmental. See Tekle v. United States, 511 F.3d 839, 852

(9th Cir. 2007) ("Even if the conduct entails uniquely governmental functions, the court is to examine the liability of private persons in analogous situations."). Despite Defendant's assertion to the contrary, this applies regardless of whether the government's actions involve some statutory authority. See, e.g, Muniz, 374 U.S. at 164-65 (discussing the federal government's statutory duty of care to prisoners and finding that the FTCA permits claims for injuries sustained during confinement); Xue Lu, 621 F.3d at 946, 950 (finding that plaintiffs met the private analogue requirement where an immigration officer engaged in misconduct); see also E.S.M., 2022 U.S. Dist. LEXIS 191781, at *8, 2022 WL 11729644, at *3 ("The fact that Defendant has exclusive authority to enforce immigration law does not give it carte blanche to commit torts against migrants in its custody."). And here, the misconduct Plaintiffs are alleging—family separation—is not expressly covered by statute; it stems from the government's family separation policy.

Moving to the specific claims here, the Court finds that Plaintiffs meet the private analogue requirement. Plaintiffs argue that private individuals or entities have been held liable for IIED, loss of consortium, and negligence under circumstances sufficiently similar to the circumstances here. The Court agrees.

First, Arizona recognizes IIED claims where parents and children were forcibly separated. See Pankratz v. Willis, 744 P.2d 1182, 1189 (Ariz. Ct. App. 1987) (finding that "unilateral separation of a child from [a] parent" meets requirements for IIED). Thus, Plaintiffs' IIED claim meets the private analogue requirement. See, e.g., A.P.F., 492 F. Supp. 3d at 994-95 (finding the private analogue requirement met for plaintiff's IIED claim in substantially similar circumstances); F.R., 2022 U.S. Dist. LEXIS 130605, at *8-9, 2022 WL 2905040, at *3 (same).

Second, Arizona recognizes loss of consortium claims where there is "significant interference" of a parent-child relationship. Pierce v. Casas Adobes Baptist Church, 782 P.2d 1162, 1165 (Ariz. 1989). Thus, Plaintiffs' loss of consortium claim meets the private analogue requirement. See, e.g., A.P.F., 492 F. Supp. 3d at 994-95 (finding the private analogue requirement met for plaintiff's loss of consortium claim in substantially similar

circumstances); B.A.D.J., 2022 U.S. Dist. LEXIS 192746, at *12-13, 2022 WL 11631016, at *5 (same).

And third, Arizona's civil-liability provision for nursing home employees provides that "[a] person who has been employed to provide care . . . to a vulnerable adult who causes or permits the life of the adult to be endangered . . . by neglect" may be subject to civil liability. A.R.S. §§ 46-455(A), 46-455(K). Like nursing home employees, immigration officials are tasked with taking care of those in their care. Thus, Plaintiffs' negligence claim meets the private analogue requirement. See, e.g., A.I.I.L., 2022 U.S. Dist. LEXIS 61582, at *16-17, 2022 WL 992543, at *6 (finding the private analogue requirement met for plaintiff's negligence claim in substantially similar circumstances); C.M., 2020 U.S. Dist. LEXIS 252691, at *6-7, 2020 WL 1698191, at *2.

Defendant argues that the nursing home law does not provide a private analogue because a nursing home's duty to protect residents from neglect differs from the government's enforcement of immigration laws. However, Defendant does not provide any reasoning or authority supporting its position, and the Court is not persuaded by Defendant's conclusory statement.

Defendant also argues that cases cited by Plaintiff to show like circumstances do not involve a government actor using its statutory authority to separate families. (Doc. 40 at 12). However, courts must look to whether a private individual would be held liable under like circumstances—not whether a government actor has been held liable under like circumstances. Tekle, 511 F.3d at 851 ("The [Supreme] Court emphasized the 'private person' language, rejecting the notion that the United States would be liable only if a state or municipal entity would be liable."). Additionally, parties do not need to provide "cases exactly on point," and the Court finds the private analogues put forth by Plaintiffs are sufficiently similar to the claims brought here. Firebaugh Canal Water Dist. v. United States, 712 F.3d 1296, 1303 (9th Cir. 2013); see also United States v. Olson, 546 U.S. 43, 46 (2005) ("[T]he words 'like circumstances' do not restrict a court's inquiry to the same circumstances, but require it to look further afield.").

### D.     Individual Requirement

Defendant argues that Plaintiffs bring impermissible direct liability and systemic tort claims. Under the FTCA, the United States may be sued for negligent or wrongful acts of federal government employees. 28 U.S.C. § 1346(b). Government employees are officers, employees, and "persons acting on behalf of a federal agency." 28 U.S.C. § 2671. "Employees" and "persons" are defined as individuals under the FTCA. Adams v. United States, 420 F.3d 1049, 1053-54 (9th Cir. 2005). Thus, the FTCA does not waive sovereign immunity for direct claims against corporations, id. at 1054-55, or the United States, Lee v. United States, CV-19-08051-PCT-DLR, 2020 U.S. Dist. LEXIS 211198, at *18-19, 2020 WL 6573258, at *5 (D. Ariz. Sept. 18, 2020).

Defendant argues that Plaintiffs bring impermissible direct liability or systemic tort claims because Plaintiffs attribute tortious conduct to the government instead of specific federal employees. However, Plaintiffs bring claims against "federal officials and officers," (Doc. 1 ¶¶ 159, 164, 168), and refer to federal officers and their allegedly tortious conduct throughout the Complaint. Thus, Plaintiffs have stated claims that are plausibly based on the conduct of individual employees, and the Court has subject matter jurisdiction over Plaintiffs' claims pursuant to the FTCA. See, e.g., B.A.D.J., 2022 U.S. Dist. LEXIS 192746, at *15, 2022 WL 11631016, at *5 (finding the same in similar factual circumstances); A.F.P. v. United States, 2022 U.S. Dist. LEXIS 122794, at *55, 2022 WL 2704570, at *18-19 (E.D. Cal. July 11, 2022) (same).

In its Reply, Defendant argues that Plaintiffs' allegations against individual employees do not meet pleading standards, and thus, Plaintiffs fail to state a claim for negligence. However, this is a different argument than the argument brings in its Motion, in which Defendant solely argues that Plaintiffs bring impermissible direct liability or systemic claims because Plaintiffs base their claims on the government's conduct as a whole. Defendant cannot raise a different theory now that Plaintiffs do not have an opportunity to respond.

Additionally, the Court agrees with Plaintiffs that the inability to specifically name

- 12 -

some individuals is not fatal to their claims. Numerous courts considering this issue in cases brought under similar factual circumstances have allowed claims to proceed despite the names of some employees being unknown at the time the case was filed. See, e.g., E.S.M., 2022 U.S. Dist. LEXIS 191781, at *5, 2022 WL 11729644, at *2 ("To accept Defendant's argument would put Plaintiffs in a catch-22: they can only identify the individual employees who wronged them through discovery, but they are blocked from discovery because they cannot identify the individual employees who wronged them."); P.G., 2022 U.S. Dist. LEXIS 135807, at *19, 2022 WL 3024319, at *6 ("The fact that [plaintiffs] are unable to name the individual Border Patrol officers who forcibly separated them and detention center employees without the benefit of discovery, should not be fatal to their action, particularly given that none of the Plaintiffs spoke English at the time of detention.").

Though the Court finds that claims against individual employees pass this phase of the case, the Court agrees with Defendant that the Complaint could be read to allege claims against the United States for its conduct as a whole because the Complaint repeatedly refers to the United States government's conduct. (See, e.g., Doc. 1 ¶¶ 84, 108, 131, 152). To the extent that these claims exist, they are dismissed. See, e.g., F.R. v. United States, 2022 U.S. Dist. LEXIS 130605, at *11, 2022 WL 2905040, at *4 (dismissing claims where a complaint could be read to base claims on government conduct).

### E.     Independent Contractor Exclusion

Defendant argues that the independent contractor exclusion bars claims that are based on the time the children spent in care of shelters run by independent contractors. The independent contractor exclusion protects "the United States from vicarious liability for the negligent acts of its independent contractors." Edison v. United States, 822 F.3d 510, 518 (9th Cir. 2016). However, claims may proceed if they are based on a government agent's "own acts or omissions." Id. (emphasis not included).

Plaintiffs contend that they do not bring claims based solely on the actions of independent contractors or bring claims for vicarious liability, negligent supervision, or

1  negligent selection; instead, Plaintiffs' claims are based on the actions of government
2  agents. Plaintiffs assert that forced separation caused the harm the children suffered in ORR
3  custody. The Court agrees with Plaintiffs' characterization of their claims.

4  Defendant cites to several paragraphs in the Complaint where the Plaintiffs bring
5  factual allegations about harms that occurred while the children were in ORR custody. But
6  that the Complaint lists harms that allegedly occurred while in the care of independent
7  contractors does not demonstrate that Plaintiffs' claims are based on actions of an
8  independent contractor. Plaintiffs repeatedly assert that the Plaintiffs suffered harm and
9  damages "[a]s a direct and proximate result of" the conduct of federal officials and officers
10 and Defendant. (Doc. 1 at ¶¶ 160, 165, 169). Defendant itself acknowledges that the
11 Complaint does not specifically allege negligent selection, negligent supervision, or
12 vicarious liability.

13 As support, Defendant cites to A.F.P., 2022 U.S. Dist. LEXIS 122794, 2022 WL
14 2704570 (E.D. Cal. July 11, 2022). In A.F.P., the court dismissed a claim for negligence
15 to the extent it was based on vicarious liability because plaintiffs sought damages while
16 detained at a facility staffed by independent contractors, the complaint stated that
17 "defendant's employees had a duty to plaintiff to act with ordinary care and prudence so
18 as not to cause harm or injury to plaintiff J.F.C. while he was in defendant's custody," and
19 the court found that the "language could be interpreted to seek vicarious liability" based on
20 actions of independent contractors. 2022 U.S. Dist. LEXIS 122794, at *51, 2022 WL
21 2704570, at *17 (cleaned up). But here, Defendant does not point to any analogous
22 language in the Complaint.

23 The Court finds that Plaintiffs have sufficiently pled that their claims against the
24 government are based on actions performed by government officials. Any argument that
25 the independent contractors and not the government caused the alleged harm is more suited
26 for a later phase of the case. See A.P.F., 492 F. Supp. 3d at 998 (noting that cause is "a
27 fact-intensive issue inappropriate for resolution at" the motion to dismiss phase).

28 Thus, because the Court cannot dismiss claims that do not exist—despite

Defendant's argument that they do exist—and because Plaintiffs have sufficiently pled that the government's actions caused subsequent harm they experienced while in custody of independent contractors, the Court declines to dismiss Plaintiffs' claims under the independent contractor exclusion.

## V.     CONCLUSION

**IT IS ORDERED denying in-part and granting in-part**, as outlined above, Defendant's Motion to Dismiss. (Doc. 21).

**IT IS FURTHER ORDERED denying** the Motion to File Amicus Curiae by the Immigration Reform Law Institute. (Doc. 27).

Dated this 29th day of September, 2023.

_____
Honorable Stephen M. McNamee
Senior United States District Judge